**In the Matter of George J. BROWN and Mary Ann Brown, Debtors.**

**George J. BROWN and Mary Ann Brown, Plaintiffs,**

v.

**PITTSBURGH NATIONAL BANK, and Barclays American Consumer Discount Company, Defendants.**

**Bankruptcy No. 81–521.
Adv. No. 81–1578.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 15, 1983.

John Vetica, Pittsburgh, Pa., for debtor.

Robert J. Taylor, Ambridge, Pa., for Barclays American Consumer Discount Co.

Joel Helmrich, Pittsburgh, Pa., for Pittsburgh Nat. Bank.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

Presently before the Court is Debtors' complaint to avoid liens wherein it seeks to avoid two judgment liens filed of record by Pittsburgh National Bank. The facts are as follows. On March 3, 1981 Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code. At that time, Debtors' principal residence was subject to a purchase-money mortgage in favor of Lomas and Nettleton recorded in the Office of the Recorder of Deeds of Allegheny County, Pennsylvania on September 27, 1971. In addition thereto, Pittsburgh National Bank entered a judgment against Debtors on December 14, 1978 in the face amount of $11,-262.60. On June 24, 1980 Barclays American Consumer Discount Company recorded a mortgage against Debtors' principal residence in the Office of the Recorder of Deeds of Allegheny County, Pennsylvania. Debtors aver that the balance due Barclays is approximately $7,200. Thereafter, on December 23, 1980 PNB entered judgment against Debtors in the amount of $23,000.

In its complaint, Debtors seek avoidance of the Pittsburgh National Bank judgment lien entered on December 23, 1980; for it was entered within ninety days of the filing of the bankruptcy petition. Debtors further seek to avoid the Pittsburgh National Bank judgment of December 14, 1978, for it impairs Debtors' exemption which Debtors have claimed in the amount of $15,000 pursuant to § 522(d)(1) of the Bankruptcy Code.

In its answer, Pittsburgh National Bank admits that its judgment of December 23, 1980 may be avoided, for it was entered within ninety days of the filing. However, Pittsburgh National Bank denies that its judgment of December 14, 1978 impairs debtors' exemption. On the contrary, Pittsburgh National Bank avers that there is equity in Debtors' residence in excess of the first mortgage and Debtors' homestead exemption to satisfy Pittsburgh National's judgment. Pittsburgh National Bank requests the entry of an order directing that its lien attach to the sale proceeds of Debtors' residence after the first mortgage and Debtors' homestead exemption have been satisfied. Pittsburgh National also asserts a cross-claim against Barclays American Consumer Discount Company objecting to their secured claim pursuant to § 506 of the Bankruptcy Code.

On October 14, 1981 the Court entered an order avoiding both liens of Pittsburgh National, as well as the mortgage of Barclays American Consumer Discount Company. It was further ordered that the sale of Debtors' residence proceed, with disbursements to be made as follows: payment of the purchase-money mortgage in favor of Lomas and Nettleton; payment of settlement charges; and payment of Debtors' exemption. The order further provided for payment of the balance in the amount of $8,500 to attorney for Debtors as escrow agent pending resolution of the cross-claim filed by Pittsburgh National against Barclays American Consumer Discount Company.

On October 30, 1981, Debtors' residence was sold for $49,000. The first mortgage in favor of Lomas and Nettleton in the approximate amount of $21,000 was satisfied from the sale proceeds. Net settlement costs in the approximate amount of $5,000 were also paid from the proceeds; and Debtors were paid $15,000 from the sale proceeds. The remaining amount of $8,500

was deposited in a Merrill Lynch Ready Asset Trust Account. As of January, 1982 the balance was $8,622.71; and interest continues to accrue daily.

Pittsburgh National has submitted a brief in support of its claim that its judgment lien does not impair Debtors' exemption. Therein, it alleges that under Pennsylvania law, as set forth in 42 Pa.C.S.A. § 8141 (1982) its judgment lien has a higher priority than Barclays' non-purchase money mortgage. Pittsburgh National further argues that § 522(f) of the Bankruptcy Code operates only to allow debtors to enjoy exemptions and does not operate to alter the rights of competing creditors. In conclusion, Pittsburgh National avers that its judgment lien cannot be avoided pursuant to § 522(f) of the Bankruptcy Code, for it does not impair Debtors right to their homestead exemption.

The Court agrees. Section 522(f)(1) of the Bankruptcy Code provides as follows:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien;

In the case at bar, it is clear that Pittsburgh National's judgment of December 14, 1978 does not impair Debtors' exemption, and therefore cannot be avoided under § 522(f). Pittsburgh National is holder of a secured claim to the extent of the balance of the escrow fund, and the holder of an unsecured claim for the remainder of its debt. Accordingly, Pittsburgh National is entitled to the funds presently held in escrow. Based upon the foregoing, it is unnecessary for the Court to consider Pittsburgh National's cross-claim against Barclays American Consumer Discount Company.

An appropriate order will be entered.